SCHEB, Acting Chief Judge.
The defendant, Antonio Ray Ivery, challenges his convictions for burglary of a dwelling and petit theft. He contends that the trial court erred in admitting the prior inconsistent statement of a prosecution witness without instructing the jury that such statement was relevant only to the witness’s credibility and was not evidence of the defendant’s guilt. We find merit to this point and reverse.
The state charged the defendant with burglary of a dwelling and petit theft, violations of sections 810.02 and 812.014, Florida Statutes (1985). The offenses allegedly occurred on April 9, 1987. During a police investigation on that day, Chris Walton gave a statement to Detective Dennison implicating the defendant. When called to testify for the state at trial, Walton’s testimony differed substantially from his prior statement. Walton was declared an adverse witness, and the state elicited from him that he previously told Detective Den-nison that the defendant had committed the crimes. Detective Dennison then testified *888 about the content of Walton’s prior inconsistent statement.
Defense counsel objected to the testimony concerning Walton’s prior inconsistent statement. Counsel asked the court to instruct the jury that the evidence tending to impeach Walton was not introduced to prove the truth of the matter asserted but only as evidence of Walton’s lack of credibility. The court denied the request. After the state rested, the defendant moved for a judgment of acquittal, which was denied. At the close of the case the defendant renewed his motion for a judgment of acquittal and again requested the court instruct the jury that impeachment testimony cannot be used to prove the matter asserted. The motion and request were denied. A jury found the defendant guilty of both charges, and after adjudication and sentencing, this appeal ensued.
A witness’s prior inconsistent statement to a police officer cannot be used as substantive evidence. State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986). The trial court erred in not instructing the jury that Walton’s prior inconsistent statement was relevant only to Walton’s credibility and not as proof or evidence of the defendant’s guilt. See Brumbley v. State, 453 So.2d 881 (Fla.1984).
We reject the state’s argument that the error was harmless. The only other evidence against the defendant was circumstantial and certainly not compelling. Absent Walton’s prior inconsistent statement, the evidence against the defendant will not withstand the harmless error test of State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We find no reversible error with respect to the defendant’s remaining point on appeal.
Reversed and remanded for a new trial.
HALL and THREADGILL, JJ., concur.