685 So.2d 856 (1995)
Shawn Troy NEVELS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03826.
District Court of Appeal of Florida, Second District.
December 13, 1995.
James Marion Moorman, Public Defender, and Robert D. Rosen and Diane Buerger, Assistant Public Defenders, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Appellant, Shawn Troy Nevels, entered a negotiated plea of nolo contendere to a charge of dealing in stolen property and admitted violating his previously imposed probation. The trial judge accepted appellant's plea, ordered him to serve two three-and-one-half-year concurrent prison terms on the violation of probation and the charge of dealing in stolen property. In addition, the trial judge assessed appellant $10,000 as a civil restitution lien pursuant to section 960.293, Florida Statutes (Supp.1994). Appellant challenges only the constitutionality of section 960.293. We decline to address the constitutionality of that statute, finding that that issue was not properly presented to the trial court and, therefore, not preserved for review by this court.
The proceedings before the trial judge were very brief. At the time of the nolo plea, appellant's attorney made an oral motion asking the trial judge to hold the statute unconstitutional. No supporting argument was made. After a discussion of the proper procedure under the statute, appellant's attorney concluded as follows:
Judge, I've had an opportunity to talk to Mr. Nevels, and he would like to go ahead and enter a plea of no contest to the new charge and admit the violation.

*857 And pursuant to our understanding as to what the court indicated you would sentence him, we would object to the imposition of the mandatory $10,000 restitution lien and the cost of incarceration.
We believe that it's an unconstitutional provision of the Florida legislature in violation of the due process clause of the United States Constitution and the Florida Constitution.
And, otherwise, we would like to proceed with the plea as indicated.
Except in cases of fundamental error, appellate courts will not consider an issue that has not been presented to the lower court in a manner that specifically addresses the contentions asserted. Tillman v. State, 471 So.2d 32 (Fla.1985); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Sanford v. Rubin, 237 So.2d 134 (Fla.1970).
Appellant has not preserved any properly-argued constitutional issue for review by this court. We, therefore, finding no fundamental error demonstrated, affirm the judgment and sentence of the trial court.
CAMPBELL, A.C.J., and LAZZARA and QUINCE, JJ., concur.