715 So.2d 950 (1998)
Andre L. FISHER, Appellant,
v.
STATE of Florida, Appellee.
No. 86665.
Supreme Court of Florida.
June 12, 1998.
Rehearing Denied August 17, 1998.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Curtis M. French, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Andre L. Fisher. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Fisher was charged with first-degree murder for the shooting death of Shelton Lucas, *951 Jr. The evidence introduced at trial revealed the following facts. On the evening of February 15, 1994, Karlon "Dap" Johnson yelled at Fisher to turn on the lights of his car and slow down as he drove down a street in Jacksonville. Fisher got out of his car and a fight ensued between Johnson and Fisher. Johnson hit Fisher in the head with a beer bottle. Justin Robinson interceded to break up the dispute and convinced Fisher to leave. Robinson testified that Fisher resisted leaving the scene.
After the fight, someone contacted Fisher's nephew Derek Cummings by phone and told him about the fight between Fisher and Johnson. Michael Gardner, Cummings' companion at the time that he received the call and learned about the fight, testified that Cummings was upset by this information and asked Gardner to drive him to get his gun. Gardner also testified that he dropped Cummings off at the house where Fisher lived. Sometime after the fight, Robinson saw Cummings in a burgundy car with an "Uzi-type gun" on his lap. Cummings asked about the fight and inquired as to Johnson's whereabouts.
Later that evening, a white Honda Accord drove by the house where Johnson's sister Charlsie Lucas and her children lived. Johnson stayed at his sister's house several nights each week; Johnson's car, which apparently was quite distinctive, was also parked in the carport of his sister's house. Shelton Lucas, Sr., Johnson's brother-in-law, was smoking a cigarette in the carport when he noticed the car driving down the street. Lucas Sr. is the same height and weight as Johnson and was wearing clothes similar to those worn by Johnson earlier that evening. After Lucas Sr. reentered the house from the carport through the kitchen door, he heard what sounded like firecrackers. The passengers in the car fired at least thirty-five shots at the house from three different nine millimeter guns, a Glock, a Luger, and an Uzi. Several bullets penetrated the kitchen door. One of the bullets traveled through the kitchen into the living room and struck five-year-old Shelton Lucas, Jr., who was sleeping on a couch with his mother. The next day the child died from this wound.
Robinson testified that the white Honda Accord passed him shortly before the shooting. There were four people in the car, and he recognized Fisher in the front passenger seat. He watched the car go along the street and turn right at the house where Johnson's sister lived.[1] Shortly thereafter Robinson heard shots being fired. Robinson further testified that the car in question was Marion King's car. Later that night Fisher left a note for Cummings' girlfriend asking her to say that he had been with her all evening.
The police recovered an unloaded Glock pistol from the apartment of Cummings' girlfriend which had Cummings' fingerprints on it. The bullet that struck the child was consistent with having been fired from a Glock pistol but the state's expert was unable to say if it was fired from the pistol with Cumming's fingerprints.
Police arrested four suspects (Andre Fisher, Derrick Cummings, Marion King, and Kevin Dixon) and charged them with second-degree murder and shooting or throwing deadly missiles. King gave a sworn statement as part of a negotiated plea to second-degree murder. King said that he drove Cummings, Fisher, and Dixon to the scene but that he did not carry his gun and did not participate in the shooting. The Duval County grand jury indicted Cummings, Fisher, and Dixon for premeditated first-degree murder.
Shortly before trial was to begin, the public defender representing Dixon informed the court that ballistics tests established that three shell casings found at the scene had been fired from King's gun, proving that King had lied about his gun not being used in the shooting. The State filed a nolle prosequi as t the charges against Dixon because King's testimony was the only evidence placing Dixon at the scene.
Fisher and Cummings were tried during the same proceeding, but before separate juries. The State did not present King's testimony at the trial. Fisher was convicted of first-degree premeditated murder and the *952 jury recommended the death penalty by a vote of eight to four.[2] The judge followed the jury's recommendation and imposed the death penalty. The judge found four aggravating circumstances: Fisher was previously convicted of a felony involving violence; Fisher knowingly created a great risk of death to many persons; the murder was committed while Fisher was engaged in a burglary; and the homicide was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification (CCP). § 921.141(5)(b), (c), (d), (i), Fla. Stat. (1995). The judge found no mitigating circumstances.
The State indicted and prosecuted Fisher on the theory of first-degree premeditated murder. The trial judge refused the State's request to instruct the jury on felony murder with burglary as the underlying felony. Thus, the jury clearly convicted Fisher of premeditated murder. Fisher contends that the evidence is insufficient to support his conviction for premeditated murder. We agree.
Premeditation is more than a mere intent to kill; it is a fully formed purpose to kill. Wilson v. State, 493 So.2d 1019 (Fla. 1986). Premeditation may be proved by circumstantial evidence. Hoefert v. State, 617 So.2d 1046 (Fla.1993). However, premeditation sought to be proved by circumstantial evidence must be inconsistent with every other reasonable inference. Cochran v. State, 547 So.2d 928 (Fla.1989). If the State's proof fails to exclude a reasonable hypothesis that the homicide occurred other than by premeditated design, a verdict of first-degree murder cannot be sustained. Coolen v. State, 696 So.2d 738 (Fla.1997).
Measured by these principles, we cannot say that the State was able to exclude every reasonable hypothesis that the homicide occurred other than by premeditated design. While Fisher clearly had a motive retribution against Johnson because of their prior altercationwe cannot say that he intended to kill him. To establish proof of intent, the State argues that the occupants of the Honda mistook Sheldon Lucas, Sr., for Johnson and fired into the carport as Lucas went into the house. However, there is no proof that anyone in the Honda actually saw Sheldon Lucas, Sr., standing in the darkness of the carport. In addition, Lucas testified that he had taken about ten steps through the kitchen and into the living room before he heard any shots fired. Thus, we cannot rule out the possibility that Fisher and his cohorts merely intended to frighten Johnson or to damage his car, which was struck by several of the bullets. We hold that there was insufficient proof of premeditation to convict of first-degree murder.
On the other hand, the proof is clearly sufficient for a conviction of second-degree murder, which is defined as the "unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." § 782.04(2), Fla. Stat. (1993). We reject Fisher's contention that he was merely a bystander because it could not be proven that he wielded one of the three guns used in the shooting. The circumstances leading up to this event, as well as his effort to concoct a false alibi, provide more than enough evidence to convict him as a principal in the crime.
Pursuant to section 924.34, Florida Statutes (1997), we reverse the conviction of first-degree murder and remand the case with instructions to enter a judgment for second-degree murder and sentence Fisher accordingly.[3]
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion.
*953 ANSTEAD, Justice, dissenting.
Although I have joined in this Court's affirmance of a second-degree murder conviction for Derrick Cummings based upon substantial evidence that Cummings armed himself and was among those firing shots into the victim's residence, I must dissent as to Fisher's murder conviction because there is no proof of Fisher's participation in the murder.
As acknowledged in the majority opinion, the only proof against Fisher is that he was present at the scene and that he asked someone to say that he was elsewhere and not at the scene at the time of the shooting. Of course, the opinion here and in Cummings acknowledges that there is no proof of a plan to kill anyone. Similarly, presence at the scene does not establish guilt of participation in the shooting. And, of course, Fisher cannot be proven guilty of murder just because he either lies about being present at the scene or asks someone else to lie for him. It is not surprising, and is certainly not proof of guilt of murder, that someone present at the scene would not want it known. That action may serve to prove that he was at the scene and did not want it known, but it certainly does not serve as proof of murder. In fact, it appears that the State had a much stronger case against King and Dixon than against Fisher.
It is apparent that Fisher's conviction rests on patently insufficient evidence, his presence at the scene and the irrelevant but emotionally appealing fact that it was his beating that served as the motivation for his nephew Cummings' decision to get revenge on "Dap" Johnson. We should not allow a conviction for murder to stand in the patent absence of evidence of the guilt of this defendant just because his altercation with Johnson was the motivation for Cummings' crime.
NOTES
[1] By turning right the car would have been directly adjacent to the carport.
[2] Cummings was also convicted of first-degree murder and sentenced to death. His direct appeal has now been decided by this Court. Cummings v. State, 715 So.2d 944 (Fla.1998).
[3] Our decision renders moot Fisher's remaining points on appeal.