725 So.2d 1203 (1999)
Stephon W. BOYKIN, a/k/a Stephon W. Boykins, a/k/a Stephon H. Boykins, a/k/a Michael Williams, a/k/a Stephan Greene, a/k/a Carl Williams, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03440.
District Court of Appeal of Florida, Second District.
January 13, 1999.
PER CURIAM.
Stephon Boykin appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion attacks his 1992 conviction for armed robbery and alleges two instances of ineffective assistance of counsel. Upon one of these, we reverse.
Boykin alleges that his trial counsel was ineffective for failing to file an adequate motion for judgment of acquittal at the close of the State's case. In particular, he alleges that the evidence was insufficient to establish that he actually possessed a firearm during the commission of the robbery. He maintains that had his counsel made a motion which did not rely on boilerplate language, but instead articulated the specific shortcomings of the State's case, he would have been acquitted on that charge. Boykin sets forth facts in support of his claim which closely resemble those in Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992). These facts suggest that Boykin may very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial.
The trial court denied this claim, stating that Boykin was attempting to raise in a postconviction motion matters that should have been raised on a direct appeal in contravention of Montana v. State, 597 So.2d 334 (Fla. 1st DCA 1992). It appears the trial court misunderstood that Boykin was required to argue the sufficiency of the evidence in his motion in order to establish he had suffered prejudice from counsel's alleged deficiency. Rather than attempting to rehash grounds that should have been dealt with on appeal, Boykin sets forth a facially sufficient claim for postconviction relief.
*1204 We otherwise affirm the order of denial without discussion.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and WHATLEY and CASANUEVA, JJ., concur.