728 So.2d 782 (1999)
Otto Donnie HARTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1321
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
*783 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Otto Donnie Hartman appeals his conviction and sentence for first-degree, premeditated murder. He argues that the trial court erred when it denied his motion for judgment of acquittal because the State failed to prove premeditation. We affirm.
On June 10, 1997, appellant was charged by indictment with first-degree, premeditated murder of his wife, Brenda Hartman. Brenda was ending her marriage to appellant against his wishes. On May 29, 1997, appellant called her several times at the Waffle House, where she was employed. They argued each time he called. Judith Talley, Brenda's friend, testified that she saw appellant drive around the Waffle House parking lot several times. On May 30, 1997, Sergeant David Thompson responded to a call at 5:40 a.m., and Brenda was found lying in her work clothes stabbed to death. Sergeant Thompson testified that when he asked who stabbed her, appellant said, "I did." The *784 butcher knife used in the stabbing came from a knife holder in the kitchen counter, about twenty feet from Brenda's body. The blood on her clothes indicated that she was on her back during the stabbing. A detective testified that blood splatter and the lack of blood on appellant's pants below the knee indicated that he stabbed her in one location while he was on his knees. The blood patterns also showed that she was not chased around the house. The medical examiner, Frederick Hobin, testified that Brenda suffered 36 stab wounds. The 13½ inch butcher knife was still in her chest when he received the body for the autopsy. All of her major organs had been penetrated, and her heart was stabbed three times, one of them in such a forceful manner that it severed her sternum bone. Fourteen of these injuries were classified as defensive injuries, and she also had bruises to her face. Dr. Hobin estimated that the attack lasted about twenty seconds. After the State's case, the trial court denied appellant's motion for a judgment of acquittal.
During the defense's case, Morris Lybrand, a friend of appellant, testified to an incident occurring about a week before the killing. He stated that appellant went searching for Brenda and found her at a lounge. While waiting in the parking lot, he saw her get out of a van and kiss another man. Appellant followed the van at a high rate of speed until Morris told him to stop. Appellant did not renew his motion for judgment of acquittal. The jury found appellant guilty as charged, and he was sentenced to life imprisonment without eligibility for release.
The State argues that the denial of appellant's motion for judgment of acquittal cannot be raised on appeal because he did not renew his motion after the defense's case. We disagree. "Once the motion has been made at the close of the State's case and brought to the trial court's attention, the trial court has been given an opportunity to rule on the precise issue. The issue should then be considered preserved for appellate review." Morris v. State, 721 So.2d 725, 727 (Fla.1998).
Appellant contends that the trial court erred when it denied his motion for judgment of acquittal because the State failed to prove premeditation. "In order to survive a motion for judgment of acquittal the state has the burden of presenting evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Loehrke v. State, 722 So.2d 867 (Fla. 5th DCA 1998) (citations omitted). "[T]he question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal." Cochran v. State, 547 So.2d 928, 930 (Fla.1989); see also Bedford v. State, 589 So.2d 245, 250 (Fla.1991), cert. denied, 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992). The State is entitled to a reviewing court viewing any conflicting evidence in the light most favorable to the jury's verdict. Id.
"Premeditation is more than a mere intent to kill; it is a fully formed purpose to kill. Premeditation may be proved by circumstantial evidence." Fisher v. State, 715 So.2d 950, 952 (Fla.1998). Appellant cites Kirkland v. State, 684 So.2d 732 (Fla.1996), in support of his argument that the evidence is insufficient to prove premeditation. In Kirkland, the victim suffered a severe neck wound caused by many slashes that caused her to bleed to death. Id. at 734-35. The supreme court concluded that the evidence in Kirkland was insufficient to prove premeditation:
First and foremost, there was no suggestion that Kirkland exhibited, mentioned, or even possessed an intent to kill the victim at any time prior to the actual homicide. Second, there were no witnesses to the events immediately preceding the homicide. Third, there was no evidence suggesting that Kirkland made special arrangements to obtain a murder weapon in advance of the homicide.... Fourth, the State presented scant, if any, evidence to indicate that Kirkland committed the homicide according to a preconceived plan. Finally, while not controlling, we note that it is unrefuted that Kirkland had an IQ that measured in the sixties.
Id. at 735.
In Green v. State, 715 So.2d 940 (Fla.1998), the court concluded that the defendant committed the murder without premeditation:
*785 On the night of the murder, [the victim] was intoxicated and had a heated argument with Gulledge, her former boyfriend and employer. [The victim] was arrested and charged with disorderly conduct and resisting arrest. She was angry and intoxicated upon her release from custody, as indicated by her blood alcohol level at the time of her death. Gay testified that Green confessed that he and a friend picked up [the victim] in front of the jail and "did things" to her. Green related to Gay that "the bitch got crazy" and he and his friend killed her. There were no witnesses to the events immediately preceding the homicide. Although [the victim] had been stabbed three times, no weapon was recovered and there was no testimony regarding Green's possession of a knife. Moreover, there was little, if any, evidence that Green committed the homicide according to a preconceived plan. Finally, although not controlling, it is undisputed that Green's intelligence is exceedingly low.
Id. at 944.
In Jackson v. State, 575 So.2d 181 (Fla. 1991), the supreme court stated,
Premeditation, as an element of first-degree murder,
is a fully-formed conscious purpose to kill, which exists in the mind of the perpetrator for a sufficient length of time to permit reflection, and in pursuance of which an act of killing ensues. Premeditation does not have to be contemplated for any particular period of time before the act, and may occur a moment before the act. Evidence from which premeditation may be inferred includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed and the nature and manner of the wounds inflicted. It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of the victim is concerned.
575 So.2d at 186 (quoting Sireci v. State, 399 So.2d 964, 967 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982)) (citations omitted).
While some similarities exist between this case, Kirkland, and Green, here, the State presented evidence of the type that would be sufficient to find premeditation under Jackson. See also Ross v. State, 474 So.2d 1170 (Fla.1985).
Accordingly, we affirm the trial court's denial of appellant's motion for judgment of acquittal.
AFFIRMED.
DELL, KLEIN and GROSS, JJ., concur.