780 So.2d 224 (2001)
Thomas D. BURTTRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-692.
District Court of Appeal of Florida, Second District.
February 14, 2001.
Rehearing Denied March 6, 2001.
*225 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Thomas D. Burttram appeals his judgment and sentence for first-degree premeditated murder. Burttram argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove premeditation. We agree and reverse and remand this case to the trial court to impose a judgment and sentence for second-degree murder.
Burttram was charged with the first-degree murder of Bobby Farrell, who was killed by a bullet shot from a .357 magnum at close range. The State presented the following evidence at trial. In the afternoon of December 6, 1998, Troy Hardwick, a neighbor of Burttram's, had a barbeque at his trailer. Hardwick and Burttram drank beer at the barbeque and later that night went out to a bar together. Sometime after 2:00 a.m., the pair returned to Hardwick's trailer. Farrell, who was Hardwick's stepbrother and who sometimes stayed with Hardwick, arrived at the trailer shortly thereafter. All three men were sitting in the trailer's living room.
Hardwick testified that Burttram and Farrell became engaged in a verbal argument, but Hardwick could not remember the subject. The argument ended within minutes, and Burttram sat down on a love seat. Five or ten minutes later, Burttram departed for his trailer and returned with a .357 magnum handgun. Burttram pointed the gun at Farrell and made statements to him, but Hardwick could not remember what was said. When Hardwick told Burttram to calm down, Burttram sat down and put the gun aside.
Shortly thereafter, Hardwick left the living room. When he returned he noticed that Farrell and Burttram had gone into the front bedroom, which was where Farrell usually stayed. Hardwick heard Burttram talking; he thought Burttram was apologizing to Farrell for pulling out the gun. All of a sudden, a gun was fired. Hardwick ran to the bedroom and found Farrell lying on the floor. Burttram was standing over Farrell with the gun.
When law enforcement arrived, Burttram stated: "I did it. I killed him." The medical examiner concluded that the gun was fired from a distance of less than three feet and probably at about one foot. The bullet entered Farrell's face at or near his nose. In his formal statement to law enforcement, Burttram claimed that Farrell was "getting in his face" and "getting on me," and that Farrell shoved him. Burttram had two minor abrasions on his knuckles. Burttram had also offered other versions of the shooting to law enforcement, *226 including a theory that he accidentally shot Farrell while in the kitchen.
In this appeal, Burttram argues that the trial court erred in denying his motion for judgment of acquittal as to the charge of first-degree murder because the State failed to prove premeditation. Burttram concedes that the evidence was consistent with first-degree murder, but contends that the evidence was equally consistent with a hypothesis that Burttram shot Farrell without a premeditative design to kill. We conclude that the State's failure to exclude a reasonable hypothesis that the murder occurred other than by premeditated design requires reversal.
The due process clauses of the United States and Florida constitutions require the State to prove guilt beyond a reasonable doubt. See U.S. Const. amends. V and XIV; Art. I, § 9, Fla. Const.; In re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Long v. State, 689 So.2d 1055, 1057 (Fla.1997). The element of premeditation distinguishes first-degree murder from second-degree murder. See Coolen v. State, 696 So.2d 738, 741 (Fla.1997). Premeditation is defined as "a fully formed conscious purpose to kill." Wilson v. State, 493 So.2d 1019, 1021 (Fla.1986). Premeditation may be formed just before the act but must exist long enough to allow for consideration of the nature of the act to be committed and its natural consequences. Id.
While premeditation may be proven by circumstantial evidence, the evidence relied upon by the State must be inconsistent with every other reasonable inference. Hoefert v. State, 617 So.2d 1046 (Fla.1993). Where the State's proof fails to exclude a reasonable hypothesis that the homicide occurred other than by premeditated design, a verdict of first-degree murder cannot be sustained. Hall v. State, 403 So.2d 1319 (Fla.1981).
Coolen, 696 So.2d at 741.
In Castillo v. State, 705 So.2d 1037, 1038 (Fla. 3d DCA 1998), the victim was found dead in a hotel room with a gunshot wound on the left side of her head. She had been shot from approximately three feet. On the morning of the offense, a maid overheard the defendant and the victim arguing in the motel room. It was discovered that the defendant had a history of physically abusing the victim. When questioned by the police, the defendant gave varying accounts of the offense, but denied any intent to kill the victim. Id. In reversing the conviction for first-degree murder, the Third District Court of Appeal concluded: "[A]lthough the State's evidence arguably is consistent with premeditation, it falls short of excluding every reasonable hypothesis of homicide by other than premeditated design." Id.
In Green v. State, 715 So.2d 940, 941 (Fla.1998), the victim's nearly naked body was found riddled with stab wounds in a sexually explicit position on a road. On the night of the murder, the victim had been intoxicated and had a serious argument with her former boyfriend, which resulted in her arrest for disorderly conduct. An acquaintance testified that the defendant had confessed that he picked up the victim in front of the jail and "did things" to her. Id. at 944. The victim started acting "crazy" and the defendant and his friend killed her. Several additional witnesses testified that the defendant had proclaimed in a fit of rage that he was going to kill the victim.
The Florida Supreme Court reversed the defendant's conviction for first-degree murder, finding that "the nature of [the victim's] wounds and the testimony regarding [the defendant's] alleged statements are insufficient evidence of premeditation in light of the strong evidence militating against a finding of premeditation." Id. The court noted that there were no witnesses to the murder, no weapon had been recovered, and that the defendant suffered from a limited intelligence. Id. See also Coolen, 696 So.2d at *227 741 (finding evidence that the defendant stabbed the victim sometime after an argument over a beer earlier that evening insufficient to prove a premeditated intent to commit murder when there was testimony that the stabbing "came out of nowhere," and the defendant claimed that he stabbed the victim in self-defense).
In this case, it is clear that the State presented evidence which was consistent with its theory that the killing of Farrell was premeditated. However, the State's evidence failed to exclude a reasonable hypothesis that the murder was committed without a premeditated design. This hypothesis is supported by Hardwick's uncontroverted testimony that the heated exchange between Burttram and Farrell had subsided prior to the shooting. Hardwick testified that, after Burttram threatened Farrell, he put the gun aside. Hardwick commented, "I thought everything was fine."
Burttram's hypothesis is also supported by the fact that Hardwick did not know what occurred between Burttram and Farrell after they entered the bedroom. At one point, Hardwick thought he heard Burttram apologizing to Farrell for pulling the gun. From the living room, Hardwick could only make out the sound of voices and a gunshot. He could not see whether Farrell was "getting in [Burttram's] face" or "getting on" him. He did not know whether Farrell had actually pushed Burttram.
We find that the evidence presented by the State was consistent with both premeditated murder and an unlawful killing without premeditation. We therefore conclude that the State failed to prove premeditation, and that the trial court erred by denying Burttram's motion for judgment of acquittal as to premeditated first-degree murder. We also conclude that the record contains ample evidence to support a conviction for second-degree murder. Accordingly, we reverse the conviction of first-degree murder and remand for entry of a judgment and sentence for second-degree murder.
Reversed.
SALCINES, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.