825 So.2d 456 (2002)
Melvin PENN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2584.
District Court of Appeal of Florida, Second District.
July 31, 2002.
Rehearing Denied September 5, 2002.
Melvin Penn, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
*457 DANAHY, PAUL W., Senior Judge.
After an evidentiary hearing, the trial court denied Melvin Penn's motion filed pursuant to Florida Rule of Criminal Procedure 3.850. After a careful review of the briefs and the record, we affirm the trial court's thorough and well-written order and adopt it as follows as our own opinion:
ORDER DENYING MOTION FOR POSTCONVICTION RELIEF
THIS MATTER is before the Court on Defendant's pro-se Motion For Postconviction Relief filed on 15 December 1999 pursuant to Fla.R.Cr.P. 3.850. The Court held an evidentiary hearing on 31 March 2001, and after considering the motion, court file, and testimony and evidence presented at the hearing, finds that Defendant is not entitled to relief.
On 25 June 1996 a jury found Defendant guilty of murder in the first degree with a firearm. The Court sentenced him to life in Florida State Prison. (See judgment and sentence, attached).[[1]]
In his motion, Defendant raises three grounds for relief as follows.
1. Ineffective assistance of counsel for failure to pursue the voluntary intoxication defense after being advised by Defendant that he was highly intoxicated prior to and during the commission of the crime;
2. Ineffective assistance of counsel for failure to subpoena Theodore Hardrick who would have testified that Defendant was drinking beer moments prior to the offense;
3. Ineffective assistance of counsel for failure to pursue a temporary insanity defense by reason of voluntary intoxication.
For a claim of ineffective assistance of counsel to be considered meritorious, it must satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Maxwell v. Wainwright, 490 So.2d 927 (Fla.1986), the court explained the application of the Strickland standard as follows.
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under the prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.

Id. at 932 (citing Strickland, supra, and Downs v. State, 453 So.2d 1102 (Fla. 1984)).
Grounds one and three will be addressed simultaneously. Defendant alleges ineffective assistance of counsel for counsel's failure to pursue a voluntary intoxication defense. Defendant was convicted of first degree murder, a specific intent crime. Voluntary intoxication was then a defense to a specific intent crime. Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985).
Michael Sinacore, defense counsel at trial, testified that there was no evidence of how much alcohol Defendant consumed before the shooting, since Defendant *458 told Mr. Sinacore that he continued drinking after the shooting. Accordingly, there was no clear indication of Defendant's alcohol level at the time of the shooting. (See transcript, dated March 30, 2001, p.38, 1.25-p.39, l.17.) Mr. Sinacore also testified that various witnesses opined that Defendant "had an intent to harm the victim, that he had the capacity to reflect on what he was doing, and that he knew what the possible outcomes might be...." (See transcript, dated March 30, 2001, p.39, l.21-25.) It did not appear Defendant was too intoxicated to form the intent to shoot the victim.
Furthermore, Dr. Gamache, the doctor who evaluated Defendant for defense counsel, told Mr. Sinacore that "the quantity of ... alcohol that Mr. Penn consumed prior to the offense would not support the conclusion that he was so intoxicated to be unable to perform [sic] specific intent." (See transcript, dated March 30, 2001, p.37, l.14-18.) Also, Defendant told Dr. Gamache that he was acting in self-defense when he shot the victim, not that he was highly intoxicated. (See transcript, dated March 30, 2001, p.38, l.15-17.) Ultimately, self-defense was not the defense used at trial because self-defense was contradicted by the other evidence. (See transcript, dated March 30, 2001, p.40, l.12-14.) For example, numerous witnesses testified that Defendant walked across the street, retrieved a gun, came back to the bar, and fired the gun at the victim. The witnesses also said that Defendant made threatening statements to the victim prior to leaving the bar to retrieve the gun. (See transcript, dated March 30, 2001, p.40, l.14-20).
Based on this information, Mr. Sinacore testified that he made the strategic decision to:
attack that State witnesses, draw out inconsistencies in descriptions, because there were varying accounts as to specifically what was said as to how many beers Mr. Penn had been consuming, as to how much time passed between him leaving the bar and him coming back with a gun, as to whether or not he was walking back across the street or running with a gun when he came back in, [and] as to the number of shots that were fired. So we [defense counsel] tried to attack all those witnesses to show that the State could not show a clear story of what was happening. That there was reasonable doubt there, and that the State could not show beyond a reasonable doubt he premeditated due to the fact he had been drinking, involved in an argument observed by many people, that he had been provoked by one or two people, the victim and possibly another person, and that he did something as a reaction without premeditation.
(See transcript, dated March 30, 2001, p.55, l.17-p.56, l.9.)
Counsel's strategic decisions are not to be second-guessed on collateral attack. Johnson v. State, 769 So.2d 990, 1001 (Fla. 2000). This includes the decision not to pursue a voluntary intoxication defense. Id. The decision not to present such a defense is purely tactical. Remeta v. Bugger, 622 So.2d 452, 455 (Fla.1993). Based on the testimony presented at the evidentiary hearing, the Court finds that it was sound legal strategy for Mr. Sinacore to not pursue the voluntary intoxication defense, which he discussed with the Defendant. No relief is warranted on grounds one and three.
In ground two, Defendant alleges that his trial counsel failed to subpoena Theodore Hardrick who would have testified *459 that Defendant was drinking beer moments prior to the instant offense. Mr. Sinacore testified that Defendant never expressed a desire to have Mr. Hardrick testify. (See transcript, dated March 30, 2001, p.46, l.14-16.) He further testified that even if Defendant would have requested that Mr. Hardrick testify, he would not have called him because "it would have been poor strategy to call Mr. Hardrick." (See transcript, dated March 30, 2001, p.46, l.17-19.) Although Mr. Hardrick would have testified that Defendant had been drinking prior to the shooting, he also had potentially damaging testimony. (See transcript, dated March 30, 2001, p.46, l.19-24.) Mr. Hardrick would have testified that Defendant did premeditate to kill the victim. Also, Mr. Sinacore testified that:
Mr. Hardrick stated at [deposition] that after the verbal altercation between Mr. Penn and the victim, Mr. Penn said "You be here when I get back," to the victim. And Mr. Hardrick said that he tried to stop Mr. Penn at the door and told Mr. Penn, "Man, what you're doing is wrong."
(See transcript, dated March 30, 2001, p.47, l.1-6.) Mr. Hardrick did not say that Defendant was definitely intoxicated. (See transcript, dated March 30, 2001, p.47, l.11-12.) Furthermore, Mr. Hardrick would have testified that Defendant was not provoked or threatened prior to shooting the victim. (See transcript, dated March 30, 2001, p.47, l.13-20).
The decision as to which witnesses to call to testify on behalf of the defendant is a tactical decision not subject to collateral attack. Wright v. State, 581 So.2d 882, 883-884 (Fla.1991). Considering the potentially damaging testimony, it was sound legal strategy to not have Mr. Hardrick testify on behalf of Defendant. No relief is warranted in ground two.
It is therefore
ORDERED that Defendant's Motion for Postconviction Relief is DENIED.
AFFIRMED.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] Usually we would omit the trial court's references to the record for ease of reading. In this instance, however, we have chosen to leave the record references in to show the thoroughness of the trial court's work in this matter. While such detailed record references are not required, they are of great assistance to this court on review.