854 So.2d 666 (2003)
Antonio Maurice NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4339.
District Court of Appeal of Florida, Second District.
June 13, 2003.
Rehearing Denied August 13, 2003.
*668 DAVIS, Judge.
Antonio Maurice Neal challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion contains fourteen grounds; however, several of the grounds incorporate more than one claim. We reverse and remand for further proceedings on three of the claims. We affirm, without comment, the trial court's denial of the remainder of the claims.
Neal was convicted after jury trial of four counts of attempted first-degree murder of a law enforcement officer, one count of carjacking, two counts of false imprisonment, and one count of armed burglary. His convictions and sentences were affirmed on appeal. Neal v. State, 711 So.2d 1358 (Fla. 2d DCA 1998).
In the first claim in ground four of his rule 3.850 motion, Neal alleged that counsel was ineffective for failing to request that the trial court instruct the jury that it should consider Ida Yvette McDaniels' prior inconsistent statements as relevant only to her credibility and not as substantive evidence of Neal's guilt. This claim goes only to the carjacking and the false imprisonment convictions.
In his motion, Neal alleged that the evidence at trial showed that McDaniels and another female, Tameka Williams, were in the front seat of McDaniels' car with McDaniels driving when they stopped and picked up three black males from an apartment. The black males, who all got into the back seat of the car, were Neal, John Hollis, and Gary Tippins. A few blocks later, several police cars pulled up behind McDaniels' vehicle. According to Neal's motion, McDaniels testified at trial that Hollis threatened her and told her not to stop and that she would have stopped had she not been threatened. Williams testified that someone threatened to kill McDaniels if she stopped. Williams heard more than one voice but could not recognize the voices. Very shortly thereafter, McDaniels and Williams exited the car, and McDaniels observed Hollis climbing into the front seat. Neal alleges that McDaniels testified that Neal never threatened her and that she did not recall him saying anything. The prosecutor then impeached McDaniels with the statement she had provided to the police the day after the incident, in which she indicated that Neal had threatened her and told her not to stop.
McDaniels' statement to the police that Neal had threatened her was admissible at trial for impeachment purposes only. See Gudinas v. State, 693 So.2d 953 (Fla. 1997). In Ivery v. State, 548 So.2d 887 *669 (Fla. 2d DCA 1989), this court held that it was reversible error for the trial court, upon the defendant's request, to fail to instruct the jury that the prior inconsistent statement of a prosecution witness was relevant only to the witness's credibility and was not evidence of the defendant's guilt. The Ivery court noted that in that case the error was not harmless because, apart from the prior inconsistent statement, the evidence against the defendant was "circumstantial and certainly not compelling." Id. at 888.
In the present case, Neal was convicted of two counts of false imprisonment. False imprisonment is defined as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will." § 787.02(1)(a), Fla. Stat. (1993).
"Carjacking" means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
§ 812.133(1), Fla. Stat. (1993). Thus, whether Neal threatened McDaniels in order to keep her from stopping for the police was a central issue for the jury to consider in determining Neal's guilt on the carjacking and the false imprisonment counts. We therefore conclude that Neal presented a facially sufficient claim of ineffective assistance of counsel based on counsel's failure to request an instruction that the prior inconsistent statement should be considered only for purposes of determining credibility and not as substantive evidence.
The trial court denied this claim, finding that counsel's performance was not deficient because "a jury instruction regarding prior inconsistent statements should be given where witness' earlier testimony was allegedly inconsistent with later trial testimony." The trial court found that Neal was not entitled to such an instruction where the witness made a statement prior to trial that was inconsistent with her trial testimony. The trial court was incorrect. See Ivery, 548 So.2d 887. We reverse that portion of the trial court's order denying Neal's claim and remand for the trial court to further consider the claim. If the trial court again summarily denies the claim, it shall attach those portions of the record upon which it relies.
In ground seven of the motion, the trial court failed to address Neal's claim that counsel was ineffective for failing to call Hollis as a witness at trial.
In order to allege ineffective assistance of counsel for failing to call a witness, a movant must state the witness's name, the substance of their testimony, and how the omission prejudiced the outcome of the trial. The facts surrounding the omission must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.
McLoyd v. State, 768 So.2d 1159, 1160-61 (Fla. 2d DCA 2000) (citation omitted). In his motion, Neal alleged that Hollis would have testified that he (Hollis) and Tippins obtained Neal's permission to use the tote bag in which the trafficking amount of cocaine was found; that Neal did not know of the existence of the cocaine; and that it was he (Hollis) who told McDaniels not to stop and who drove the car after the women got out. Neal further alleged that if Hollis had testified, the outcome of the trial would probably have been different with regard to the false imprisonment, the carjacking, and the armed trafficking *670 counts. Neal also made the more tenuous allegation that the outcome probably would have been different with regard to the four counts of attempted first-degree murder of a police officer since the State's theory of premeditation was based on Neal's being a drug trafficker who would purposefully kill rather than give up his cocaine. We conclude that Neal has asserted a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, and we remand for the trial court to consider it.
In his sixth claim in ground eight, Neal alleges that counsel was ineffective for failing to move for a judgment of acquittal on the ground that there was insufficient evidence to support the four convictions of attempted first-degree murder of a law enforcement officer. A claim that counsel was ineffective for failing to preserve a sufficiency of the evidence claim for appeal by way of an adequate motion for judgment of acquittal is a cognizable rule 3.850 claim. See Boykin v. State, 725 So.2d 1203 (Fla. 2d DCA 1999). Boykin holds that to properly allege such a claim, a movant should state sufficient facts to show that "[he] may very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial." Id. at 1203. Where there is no showing that a motion for judgment of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffectiveness of counsel. See Rogers v. State, 567 So.2d 483 (Fla. 1st DCA 1990).
In the present case, at trial, counsel filed a boilerplate motion for judgment of acquittal on all of the counts of which Neal was convicted.[1] The basis of Neal's claim is his allegation that there was insufficient evidence of a premeditated intent to kill and that the circumstantial evidence allowed for a theory that he was firing the gun to scare the officers in order to enable him to flee. Two of the victims were police officers sitting in a marked police cruiser. Neal alleged that the evidence showed that he fired at the cruiser from a distance of ten to fifteen feet, hitting only the tire and radiator of the car and not the windshield. Neal hit and seriously wounded two other officers who were responding to the location where McDaniels' vehicle crashed into a parked school bus. These officers were outside their vehicle. Neal alleged that the evidence showed that he was holding the semi-automatic firearm at waist level when firing rather than sighting down the barrel. He also alleged that at trial the State introduced his statements to the police that he was firing to scare the officers so he could get away; that he did not intend to hurt anyone; and that he did not know he had hit the officers until later.
Premeditated first-degree murder is a specific intent crime. Penn v. State, 825 So.2d 456 (Fla. 2d DCA 2002), review denied, SC02-2090, 842 So.2d 845 (Fla. Mar. 25, 2003). To establish an attempt to commit a specific intent crime, the State must prove a specific intent to commit that crime and an overt act toward the commission of the crime. Holland v. State, 773 So.2d 1065 (Fla.2000) (quoting Rogers v. State, 660 So.2d 237, 241 (Fla. 1995)). Regarding the crime of premeditated first-degree murder, the Florida Supreme Court has held:
Premeditation is more than a mere intent to kill: it is a fully formed purpose *671 to kill. Premeditation may be proved by circumstantial evidence. However, premeditation sought to be proved by circumstantial evidence must be inconsistent with every other reasonable inference. If the State's proof fails to exclude a reasonable hypothesis that the homicide occurred other than by premeditated design, a verdict of first-degree murder cannot be sustained.
Fisher v. State, 715 So.2d 950, 952 (Fla. 1998) (citations omitted); see also Burttram v. State, 780 So.2d 224 (Fla. 2d DCA), review denied, 792 So.2d 1215 (Fla. 2001).
In the present case, based on the allegations in Neal's motion, any evidence that Neal had a premeditated intent to kill the victims was circumstantial. A confession or a statement of a defendant may be direct evidence of a premeditated intent to kill. See Pagan v. State, 830 So.2d 792 (Fla.2002). However, in the statements that Neal alleged were introduced into evidence, he disavowed a premeditated intent to kill. We conclude, therefore, that Neal presented a facially sufficient claim of ineffectiveness of counsel.
The trial court denied this claim, finding that it was procedurally barred because "[o]n direct appeal, Defendant raised the issue of whether there was insufficient evidence of premeditation." The trial court, citing Thompson v. State, 759 So.2d 650, 653 (Fla.2000), further found that "allegations of ineffective assistance of counsel cannot be used to circumvent the rule that postconviction proceedings cannot serve as a second appeal." The attachments to the trial court's order show that trial counsel's stated basis for moving for a judgment of acquittal on the four counts of attempted premeditated first-degree murder of a law enforcement officer was that the State had not presented a prima facie case. In the answer brief on direct appeal, the State contended that any argument regarding the insufficiency of the evidence on the issue of premeditation was not preserved below and was therefore waived for purposes of appellate review. Furthermore, in affirming Neal's convictions and sentences, this court concluded "that none of the eight issues raised on appeal require reversal because they are either without merit or were not preserved for review." Neal, 711 So.2d at 1359.
In Boykin, 725 So.2d at 1203 (Fla. 2d DCA 1999), the defendant claimed that "trial counsel was ineffective for failing to file an adequate motion for judgment of acquittal at the close of the State's case. In particular, he allege[d] that the evidence was insufficient to establish that he actually possessed a firearm during the commission of the robbery." The trial court denied the claim, finding that the defendant was trying to raise matters in a rule 3.850 motion that should have been raised on direct appeal. This court stated:
It appears the trial court misunderstood that Boykin was required to argue the sufficiency of the evidence in his motion in order to establish he had suffered prejudice from counsel's alleged deficiency. Rather than attempting to rehash grounds that should have been dealt with on appeal, Boykin sets forth a facially sufficient claim for postconviction relief.
Id. The same is true in the present case. We therefore reverse the denial of this claim and remand with instructions to the trial court to consider it.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Trial counsel, pursuant to Florida Rule of Criminal Procedure 3.380(c), made a timely motion for judgment of acquittal on three of the counts within ten days of the receipt of the verdict. On the remainder of the counts, excluding the four counts of attempted first-degree murder of a law enforcement officer, a more articulate motion for judgment of acquittal would have had little likelihood of success.