892 So.2d 1132 (2004)
Morris TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3754.
District Court of Appeal of Florida, First District.
December 30, 2004.
Rehearing Denied February 11, 2005.
Robert A. Rush, Gainesville, for appellant.
Charlie Crist, Attorney General; Shasta W. Kruse, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Appellant challenges his conviction and sentence for trafficking in cocaine by having in his possession cocaine weighing 28 grams or more, but less than 200 grams, in violation of section 893.135, Florida Statutes. We determine that the state failed to prove the substance contained more than 28 grams of cocaine as alleged in the information. Hayes v. State, 750 So.2d 1 (Fla.1999); Ankiel v. State, 479 So.2d 263 (Fla. 5th DCA 1985). Although the state urges us to apply section 893.135(6), Florida Statutes (2001), which defines the weight of a controlled substance as the total weight of the mixture within which the controlled substance is contained, that section did not take effect until July 1, 2001, see chapter 2001-55, Laws of Florida, and appellant committed the offense with which he was charged on April 17, 2001. Pursuant to our reasoning in Foster v. State, 861 So.2d 434 (Fla. 1st DCA 2002), review denied 880 So.2d 1212 (Fla. *1133 2004), we are unable to apply the amended statute in this case. We, therefore, reverse the conviction, vacate the sentence, and direct that the charges be reduced to possession of cocaine and that the defendant be resentenced.
WEBSTER and HAWKES, JJ., concur.