892 So.2d 1172 (2005)
Anthony ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-478.
District Court of Appeal of Florida, Fifth District.
February 4, 2005.
*1173 Christopher J. Dale and Dana A. Friedlander, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Anthony Arnold was convicted by a jury of first-degree murder, and sentenced to the custody of the Department of Corrections for a term of life. In this appeal from his judgment and sentence Mr. Arnold argues that no evidence of premeditated design was presented. From this premise he asserts that the trial court should have granted his motion for judgment of acquittal to the first-degree murder charge, and that he should, therefore, have been convicted of no more than manslaughter.[1] We find no error in the denial by the trial court of the motion for judgment of acquittal.
A de novo standard of review is applied to the denial of motions for judgment of acquittal. See Huck v. State, 881 So.2d 1137, 1144 (Fla. 5th DCA 2004). We begin our analysis with the proposition that a trial court should not grant a motion for judgment of acquittal unless the evidence adduced is such that no view that the jury may lawfully take of it favorable to the State can be sustained under the law. See Darling v. State, 808 So.2d 145, 155 (Fla.), cert. denied, 537 U.S. 848, 123 S.Ct. 190, 154 L.Ed.2d 78 (2002). The trial court's denial of such a motion, therefore, will not be reversed on appeal if there is competent substantial evidence to support the jury's verdict. See Chamberlain v. State, 881 So.2d 1087, 1104 (Fla.2004).
The unlawful killing of a human being is murder in the first degree "[w]hen perpetrated from a premeditated design to *1174 effect the death of the person killed or any human being." See § 782.04(1)(a), Fla. Stat. (2003); Pearce v. State, 880 So.2d 561, 571 (Fla.2004). Premeditation is a fully conscious purpose to kill that may be formed in a moment, and need only exist for such time as will allow the accused to be conscious of the nature of the act about to be committed, and the probable result of that act. See Green v. State, 715 So.2d 940 (Fla.1998). "No definite length of time for [premeditation] to exist has been set and indeed could not be." See Larry v. State, 104 So.2d 352, 354 (Fla.1958). Premeditation may occur a mere moment before the act of killing. See Hartman v. State, 728 So.2d 782 (Fla. 4th DCA), review denied, 735 So.2d 1285 (Fla.1999). If competent substantial evidence of premeditation is received in evidence, it's existence becomes a question for the jury. See Davis v. State, 703 So.2d 1055 (Fla.1997). This is so because the credibility and probative force of conflicting testimony or evidence should not be determined on a motion for judgment of acquittal. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
Evidence of premeditation may include, among other things, the nature of the weapon used, the presence or absence of adequate provocation, the manner in which the homicide was committed, and the nature and manner in which the wounds were inflicted. See Floyd v. State, 850 So.2d 383, 397 (Fla.2002), cert. denied, 540 U.S. 1112, 124 S.Ct. 1040, 157 L.Ed.2d 902 (2004). The evidence of premeditation in the case against Mr. Arnold was more than sufficient for denial of the motion for judgment of acquittal.
There was testimony at trial that the victim was a prostitute, who, as Mr. Arnold admitted, was killed by him after a sexual liaison in a vehicle. Mr. Arnold indicated that after he and the victim had sex, they argued or fought over the monetary details of the transaction. The victim eventually ran naked out of the vehicle. An eyewitness testified that when the victim started running, Mr. Arnold chased her with his vehicle, apparently attempting unsuccessfully to run her over, and eventually crashed. He then pursued her on foot into a wooded area. The victim was stabbed fifty-one times, and many of the wounds were inflicted while the victim was lying face down.
We view the evidence as having been sufficient to send the issue of premeditation to the jury. The chase in the automobile, the pursuit into the woods, and the nature, manner and number of wounds inflicted were facts that a jury could consider in finding that the murder was premeditated.
AFFIRMED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] See § 782.07, Fla. Stat. (2003).