977 So.2d 680 (2008)
Jamil WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4326.
District Court of Appeal of Florida, First District.
February 29, 2008.
Rehearing Denied March 27, 2008.
Robert A. Rush, Gainesville, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals an order denying a rule 3.850 motion in which he argues that his trial counsel was ineffective because he failed to properly raise and preserve below an argument that resulted in relief for a co-defendant. We reverse.
The appellant and co-defendant, Morris Terry, were charged with several offenses related to trafficking in and selling or delivering cocaine, and were tried together. During the trial Terry's counsel made a *681 motion for judgment of acquittal, arguing that the state had failed to prove the weight of the cocaine and thus Terry could not be convicted of the trafficking charge. The appellant's counsel did not make a similar motion. Approximately 32 days after the conviction, Terry's counsel filed a renewed motion for judgment of acquittal which included the weight-of-the-cocaine argument. The appellant's counsel joined in the renewed motion. The trial court held a hearing on the motion and the record appears to indicate that the court either denied the motion on the merits or denied the motion because it was untimely filed. Although the statement of judicial acts to be reviewed cited the claim that the state failed to prove the weight of the cocaine, appellate counsel did not argue this point in the direct appeal. This Court per curiam affirmed the judgment and sentence in White v. State, 888 So.2d 629 (Fla. 1st DCA 2004). Thereafter, in Terry v. State, 892 So.2d 1132 (Fla. 1st DCA 2004), this Court reversed Terry's conviction for trafficking in cocaine because we concluded that the state had failed to prove the weight of the cocaine. We ordered that Terry's conviction be reduced to possession of cocaine.
The appellant then filed a petition for habeas corpus, which we treated as a petition for ineffective assistance of appellate counsel, arguing that appellate counsel was ineffective for failing to argue the weightof-the-cocaine claim in the direct appeal. The state responded to this Court's show cause order by arguing that trial counsel was ineffective for failing to properly raise and preserve the argument below, and thus appellate counsel could not be ineffective. We denied the petition in White v. State, 911 So.2d 845 (Fla. 1st DCA 2005).
The appellant then filed the instant rule 3.850 motion asserting that his trial counsel was ineffective for failing to properly preserve the weight-of-the-cocaine argument. In response to the trial court's order requesting that the state respond to the motion, the state argued that trial counsel did properly raise and preserve the claim, and thus, if anyone were ineffective, it was appellate counsel because she failed to argue the point in the direct appeal. The trial court accepted the state's argument and denied the motion after finding that trial counsel raised and preserved the claim.
A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance a defendant must allege the specific acts or omissions of counsel which fell below a standard of reasonableness under prevailing professional norms, and that the defendant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different. See id. at 690, 692, 104 S.Ct. 2052. To present a facially sufficient postconviction claim that counsel was ineffective for failing to raise and preserve a sufficiency of the evidence claim for appeal via a timely and contemporaneous motion for judgment of acquittal, "a movant should state sufficient facts to show that `[he] may very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial.'" Neal v. State, 854 So.2d 666, 670 (Fla. 2d DCA 2003) (quoting Boykin v. State, 725 So.2d 1203 (Fla. 2d DCA 1999)). In this case, it is clear that a proper motion preserving the issue for appeal would have resulted in relief, given that the co-defendant prevailed on appeal. See Terry, 892 So.2d at 1133. On this issue, counsel did not make a timely motion for judgment of acquittal. Yet, as explained by this Court in Pinkerton v. Edwards, 425 So.2d 147, 149 (Fla. *682 1st DC A 1983), "[t]he entry of a motion for judgment of acquittal in accordance with Florida Rule of Criminal Procedure 3.380 is a common trial tactic which serves to test the legal sufficiency of the State's case as to each element of the charged offense and to preserve the issue for appeal."
We, therefore, reverse the trial court's summary denial and remand for further proceedings on the appellant's claim consistent with this opinion.
REVERSED AND REMANDED.
ALLEN, WOLF, and POLSTON, JJ., concur.