PER CURIAM.
 

 Shawntre Smith appeals from a judgment and sentence entered upon the jury’s verdict finding Smith guilty of attempted armed robbery with a firearm pursuant to sections 812.13(2)(a) and 777.04, Florida Statutes (2007). He first contends that because the State failed to prove a prima facie case of attempted robbery, the trial court should have granted the motion for judgment of acquittal. He next asserts he was denied a fair trial based on a combination of errors. The first issue was not preserved for appellate review, and we do not find fundamental error.
 
 See F.B. v. State,
 
 852 So.2d 226, 229 (Fla.2003) (“The sole exception to the contemporaneous objection rule applies where the error is fundamental.”);
 
 Nevels v. State,
 
 685 So.2d 856, 857 (Fla. 2d DCA 1995) (“Except in cases of fundamental error, appellate courts will not consider an issue that has not been presented to the lower court in a manner that specifically addresses the contentions asserted.”). To the extent the second issue suggests any error at all, we conclude it argues the type of “ineffective assistance of counsel” that, although somewhat persuasive on direct appeal, is more appropriately addressed in the trial court by a timely, sworn motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
 
 See Smith v. State,
 
 998 So.2d 516, 522-23 & n. 5 (Fla.2008);
 
 White v. State,
 
 977 So.2d 680, 681-82 (Fla. 1st DCA 2008);
 
 Neal v. State,
 
 854 So.2d 666, 670 (Fla. 2d DCA 2003);
 
 Boykin v. State,
 
 725 So.2d 1203 (Fla. 2d DCA 1999). Accordingly, we AFFIRM Smith’s conviction and sentence, without prejudice to his right to seek post-conviction relief.
 

 KAHN, BENTON, and VAN NORTWICK, JJ., concur.