BLACK, Judge.
Shane L. Wittenberg appeals the order summarily denying his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of all of the grounds of Witten-berg’s motion except ground two.
Wittenberg was convicted after a jury trial of capital sexual battery and lewd or lascivious molestation. In his rule 3.850 motion, he argued that trial counsel was ineffective for failing to properly move for judgment of acquittal. Indeed, the portion of the trial transcript Wittenberg attached to his motion shows that counsel made a legally insufficient boilerplate motion for judgment of acquittal. See Woods v. State, 733 So.2d 980, 984-85 (Fla.1999). However, in his rule 3.850 motion, Wittenberg failed to “state sufficient facts to show that ‘[he] may very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial.’ ” Neal v. State, 854 So.2d 666, 670 (Fla. 2d DCA 2003) (quoting Boykin v. State, 725 So.2d 1203, 1203 (Fla. 2d DCA 1999)). The post-conviction court abused its discretion when it failed to strike ground two and allow Wittenberg an opportunity to amend it. See Spera v. State, 971 So.2d 754, 761 (Fla.2007).
We affirm the order denying Witten-berg’s postconviction motion in all respects save with regard to ground two. We reverse and remand with directions to allow Wittenberg a reasonable amount of time in which to amend ground two.
CASANUEVA and SLEET, JJ., Concur.