768 So.2d 1159 (2000)
Jimmy McLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3075.
District Court of Appeal of Florida, Second District.
September 13, 2000.
*1160 PER CURIAM.
Jimmy McLoyd seeks review of the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the order denying his motion for rehearing. McLoyd raises four issues in his rule 3.850 motion, and we affirm the denial of the first three without discussion. See State v. McCloud, 577 So.2d 939, 941 (Fla.1991). We conclude that McLoyd's claim that trial counsel was ineffective for failing to call a witness is not refuted by the record attachments and reverse.
After an adverse jury verdict, the court convicted McLoyd of two counts of sale of cocaine and two counts of possession with intent to sell. At trial, Officer Andrew Orcutt testified that Barbara Sallee, a confidential informant (CI), contacted him with information that two males were selling cocaine at a particular address. Officer Orcutt, who was working undercover, took the CI to the address where Orcutt bought cocaine from a man he identified as McLoyd. McLoyd then wrote his beeper number on a piece of paper and gave it to Officer Orcutt for future transactions. Officer Orcutt and the CI left the residence.
Officer Orcutt subsequently paged McLoyd and made another purchase at the residence, this time without the CI. According to Officer Orcutt, Robert Barlow was also present during this transaction. Officer Orcutt said that Barlow provided change for his purchase. When questioned about the CI's absence from trial, Officer Orcutt revealed that the CI had sent him a letter from a court-ordered drug rehabilitation facility and opined that she was not available to testify.
Robert Barlow testified that he lived at the address in question with McLoyd. Barlow asserted that McLoyd was not in the business of selling cocaine and that he had no knowledge of any transaction between McLoyd and Officer Orcutt. McLoyd took the stand and testified that he had never met the CI and never sold cocaine to Officer Orcutt.
McLoyd claims that trial counsel was ineffective for failing to investigate and to call the CI during his trial. McLoyd alleges that the CI would have testified that she never met McLoyd and that he never sold her illegal drugs. He claims that this testimony would have bolstered his misidentification defense.
In order to allege ineffective assistance of counsel for failing to call a witness, a movant must state the witness's name, the substance of their testimony, and how the omission prejudiced the outcome *1161 of the trial. See Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998). The facts surrounding the omission must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The trial court found that counsel had investigated the CI and attached a copy of the court reporter's bill for transcription of the CI's deposition to its order denying McLoyd's motion for rehearing. The trial court found that McLoyd failed to effectively allege error in counsel's failure to call the CI at trial because he did not allege that the CI was available to testify and testimony at trial established that she was in a rehabilitation center. However, the hearsay testimony of Officer Orcutt did not conclusively establish that the CI was unavailable to testify.
Additionally, the trial court found that McLoyd did not establish that the omission of the CI's testimony had prejudiced the outcome of the trial because Officer Orcutt testified that the CI was a drug user and because Barlow offered the same testimony that McLoyd claimed the CI would provide. However, if the CI had testified that she did not participate in the first drug transaction, there is a reasonable probability that the jury would not have convicted McLoyd solely on the testimony of Officer Orcutt, especially when that testimony was contradicted by three witnesses. Furthermore, it is not clear that the CI's drug history would have been revealed at trial had she testified. Accordingly, McLoyd is entitled to an evidentiary hearing on this issue.
Reversed and remanded for an evidentiary hearing.
PARKER, A.C.J., and WHATLEY and CASANUEVA, JJ., Concur.