PER CURIAM.
Jeffrey E. Love appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 and the denial of his Petition for Writ of Habeas Corpus, which the court below treated as a supplement to the postconviction motion. Of the appellant’s twenty-one grounds, we find that ground six stated a facially sufficient claim, which was not refuted by any attachments to the order denying the postconviction motion and, therefore, requires an evidentiary hearing. We affirm the summary denial of the remaining claims.
The appellant was convicted of corruption by threatening a public servant, carrying a concealed firearm, and resisting arrest without violence (a lesser included offense). In amended ground six, the appellant argued that trial counsel was ineffective for failing to call two witnesses to testify: Pam Miller and Ken Beasley, the manager and assistant manager at the place the appellant was arrested. The appellant alleged that they would have testified, among other things, that the police used excessive force in arresting him. In addition, he alleged that they would have testified that the appellant was sitting in a jeep when the police attacked him and he “offered no resistance to police.” He alleged that both witnesses were available to testify and were shocked they were not called to testify. He alleged that counsel failed to contact these witnesses. He ar *954 gued that counsel acted more as the prosecution and assured the State of a conviction.
In its order summarily denying the appellant’s postconviction motion, the trial court found that the record revealed that Mr. Beasley was listed as a defense witness on March 27, 2003. The court noted that the motion asserted that the witnesses would have testified to the force used by the police officers in arresting the appellant. The court found as follows:
While excessive force may be a justification to resisting arrest with violence, it is not relevant to a defense of insanity. Counsel cannot be deemed ineffective for failing to present two defenses which are not necessarily compatible. Furthermore, Defendant has failed to demonstrate how he was prejudiced by counsel’s failure to call these witnesses, as he was found guilty only of resisting arrest without violence, a conclusion which is not in conflict with the purported testimony of these additional witnesses.... Therefore, Defendant is not entitled to relief on this basis.
It appears, however, that the court overlooked the fact that the appellant alleged that, in addition to testifying regarding excessive force used by the police, the witnesses would also have testified that he did not resist arrest at all.
In order to allege ineffective assistance of counsel for failing to call a witness, a movant must state the witness’s name, the substance of their testimony, and how the omission prejudiced the outcome of the trial. The facts surrounding the omission must show a reasonable probability that, but for counsel’s deficient performance, the outcome of the proceedings would have been different.
Neal v. State, 854 So.2d 666, 669 (Fla. 2d DCA 2003) (quoting McLoyd v. State, 768 So.2d 1159, 1160-61 (Fla. 2d DCA 2000)). Appellant named the two witnesses, and in relevant part, alleged that the witnesses would testify that he did not resist arrest. He argued that counsel relied only on insanity and did not even interview these witnesses who would have testified that he did not resist arrest.
The court found that this was not inconsistent with the verdict, but the verdict found that he resisted arrest without violence. Therefore, testimony of witnesses who specifically would testify that he did not resist arrest could possibly have produced a different result at trial. The court did not attach any records suggesting that the witnesses would testify otherwise. Therefore, the denial of the postconviction motion is reversed as to this issue only for the court to hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to interview and call these witnesses.
Affirmed in part, reversed in part, and remanded.
DAVIS, BENTON, and ROBERTS, JJ., concur.