MORRIS, Judge.
 

 James Garrett appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of his motion except for his claim that counsel was ineffective for failing to investigate and call a witness at trial.
 

 Garrett was charged in 2007 with sexual battery on a child less than twelve, three counts of lewd and lascivious molestation, showing obscene material to a minor, and lewd and lascivious exhibition. A mistrial was declared during the first trial when the jury could not reach a verdict. He ultimately entered a no contest plea to the reduced charges of attempted sexual battery on a child less than twelve, one count of lewd molestation, and one count of lewd and lascivious exhibition in exchange for concurrent sentences of fifteen years in prison followed by ten years’ probation.
 

 In his rule 3.850 motion, Garrett claimed that his trial counsel was ineffective for failing to call Jarrod Quackenbush to testify at his second trial. Garrett claimed that Quackenbush lived next door to the victim and could have testified that the victim admitted to him that she and her
 
 *1276
 
 mother had lied about Garrett and that the victim was worried that her mother would get into trouble if the lies were ever revealed. Garrett claimed that although his prior trial counsel had attempted to contact Quaekenbush to testify at the
 
 first
 
 trial, his new counsel — who represented him at the time of the scheduled second trial and the plea — failed to follow up. Garrett alleged that he was ready to proceed to a second trial and would not have entered the plea if counsel had investigated the witness and had him ready to testify-
 

 In denying this claim, the postconviction court adopted and incorporated the State’s response, in which the State argued that a 2006 letter from Garrett’s first counsel to Garrett demonstrates that witness Quack-enbush was not willing to testify. The State claimed that the witness was therefore unavailable and that Garrett knew the witness was unavailable prior to the date he entered his plea.
 

 In order to demonstrate that counsel was ineffective for failing to call a witness at trial, a defendant must identify the witness and the substance of his or her testimony, state that the witness would have been available to testify, and explain how the omission of the witness’s testimony prejudiced the outcome.
 
 See Nelson v. State,
 
 875 So.2d 579, 582-83 (Fla.2004). Here, Garrett did not proceed to trial. Rather, he entered a plea. Therefore, he must demonstrate that had counsel investigated and subpoenaed Quaekenbush to testify at trial, he would not have entered his plea and would have instead proceeded to trial.
 
 See Smith v. State,
 
 815 So.2d 707, 707 (Fla. 1st DCA 2002) (holding that appellant’s claim that his counsel was ineffective for failing “to properly investigate and interview a potential defense witness” was facially sufficient and “was not negated by the appellant’s plea, as the motion indicates that he would not have entered such a plea in the absence of the alleged failure”).
 

 Garrett alleged the requisite elements, but by adopting the State’s response, the postconviction court concluded that Quaekenbush was not available because he was unwilling to testify. However, a defendant need not demonstrate that a witness would have been willing to testify, only that the witness was available to testify.
 
 See Highsmith v. State,
 
 617 So.2d 825, 827 (Fla. 1st DCA 1998).
 

 The letter from Garrett’s first counsel, which Garrett attached to his motion, indicates that Garrett knew that Quaekenbush was uncooperative in 2006, and Garrett also admitted in his motion for rehearing filed below that Quaekenbush had not been subpoenaed to testify at his first trial in 2007. But there is no record before us that conclusively refutes Garrett’s claim that he believed he was ready to proceed to trial a second time in 2008, that Quaekenbush was willing to testify, and that Garrett “[had] requested his attorney to locate ... Quaekenbush and call him as a defense witness.” While a defendant may not go behind a plea when the record indicates that the plea was freely and voluntarily entered,
 
 see Stano v. State,
 
 520 So.2d 278, 279-80 (Fla.1988), a defendant may have a claim of ineffective assistance of counsel when counsel’s failure to investigate resulted in the entry of an ill-advised plea,
 
 see Nelson v. State,
 
 996 So.2d 950, 952 (Fla. 2d DCA 2008).
 

 The postconviction court did not attach the record of the plea colloquy; therefore, it is not clear whether this specific issue was addressed with Garrett and his counsel before he entered his plea. We note that the plea colloquy record may not be sufficient to refute this claim if this specific issue was not addressed.
 
 See id.
 

 
 *1277
 
 Because Garrett stated a sufficient claim that is not refuted by the record before us, we reverse the portion of the order summarily denying this claim and remand for the postconviction court to either attach portions of the record that conclusively refute this claim or hold an evidentiary hearing.
 

 Affirmed in part; reversed in part; remanded.
 

 WALLACE and KHOUZAM, JJ., Concur.