NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERIC MARTIN,                          )
                                      )
          Appellant,                  )
                                      )
v.                                    )     Case No. 2D16-1421
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed November 16, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Wayne M. Durden, Judge.

Eric Martin, pro se.

PER CURIAM.

          Eric Martin appeals the summary denial of his amended motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  Mr. Martin

alleges five claims of ineffective assistance of counsel, and while we affirm the

postconviction court's denial of four of those claims, we reverse the denial of claim three

and remand for further consideration of that claim.

          Mr. Martin has been incarcerated since 2006, serving a life sentence for

armed burglary.  During his imprisonment, in July 2011, he was charged with one count

of possession of contraband in a county detention facility.  § 951.22, Fla. Stat. (2011).

The State alleged that Mr. Martin broke off a piece of metal from his bed and sharpened it into a weapon. Officers testified at trial that they found the piece of contraband on Mr. Martin's person during a search of his cell, which he shared with several other inmates. Following a second jury trial after the first trial ended with a hung jury, he was convicted and sentenced to an additional ten years' imprisonment.

When reviewing the summary denial of a motion for postconviction relief, this court applies de novo review and "must accept the movant's factual allegations as true to the extent that they are not refuted by the record." Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013). Since there was no evidentiary hearing, the court "must examine each claim to determine if it is legally sufficient, and, if so, whether the record refutes it." Allen v. State, 854 So. 2d 1255, 1258 (Fla. 2003). To state a legally sufficient claim of ineffective assistance of counsel, Mr. Martin is required to show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 694 (1984). To establish that counsel was deficient, Mr. Martin must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

In his third claim of ineffective assistance of counsel, Mr. Martin alleges that counsel was deficient for not investigating the existence of a surveillance video that he contends must have existed. He maintains that there were cameras pointed at his cell that would have shown that the officers who conducted the search had in fact found the weapon inside the shared cell and not on his person as they had claimed. Further, he asserts that he informed counsel prior to trial that there should have been a video of the search. The State, in its response to the motion, counters that counsel intentionally

- 2 -

did not seek the video as a trial tactic to create reasonable doubt by having Mr. Martin testify that there were cameras and then pointing to the fact that the State did not introduce any video at trial.

The postconviction court provided very little explanation in its order as to why it denied this claim, but because it agreed with the State's response to Mr. Martin's motion we can presume that it deemed counsel's failure to obtain the video to be a reasonable tactical decision. The court erred in drawing such a conclusion from the very limited record in this case and without having held an evidentiary hearing.

The Supreme Court has explained that when determining whether a decision was a reasonable professional judgment and therefore "virtually unchallengeable" under Strickland, the "principal concern" is whether the investigation supporting counsel's decision not to introduce certain evidence "*was itself reasonable.*" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (emphasis in original). For that reason, a determination of whether or not a decision is a reasonable tactic should not be made without an evidentiary hearing. Hamilton v. State, 915 So. 2d 1228, 1231 (Fla. 2d DCA 2005) ("[T]o conclude that an action or inaction taken by a trial attorney was a strategic decision generally requires an evidentiary hearing."); see Chambers v. State, 613 So. 2d 118, 118 (Fla. 2d DCA 1993) (reversing and remanding for an evidentiary hearing to determine if counsel's failure to introduce an allegedly exculpatory tape recording was a reasonable tactical decision).

Here, Mr. Martin alleges that counsel failed to investigate the existence of a video that he contends would be, at best, exculpatory and, at worst, corroborative of his trial testimony. If the video did in fact exist and would have shown what Mr. Martin

- 3 -

claims, then the failure to investigate and obtain that video would likely be prejudicial. It is therefore necessary for the postconviction court to know the extent of counsel's investigation into the video's existence before it can determine whether or not her conduct was reasonable and therefore not deficient.

Because the record attachments to the postconviction court's order do not conclusively refute Mr. Martin's allegation, we reverse the postconviction court's denial of this claim and remand for the postconviction court to reconsider the claim and to conduct an evidentiary hearing if necessary. See Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

Affirmed in part, reversed in part, and remanded.

CASANUEVA, MORRIS, and ROTHSTEIN-YOUAKIM, JJ., Concur.