PER CURIAM.
Charleston Long appeals an order summarily denying his amended motion for postconviction relief alleging claims of ineffective assistance of counsel. With the exception of the claim discussed below, we conclude that the postconviction court properly denied his motion.
Long was found guilty of one count of aggravated battery with a deadly weapon and one count of aggravated assault by threat. His convictions stemmed from a shooting at an apartment complex. In his postconviction motion, Long alleged that his trial counsel was ineffective for failing to obtain the surveillance video at the apartment complex, which would have shown that Long was not the shooter. The postconviction court denied this ground, concluding that it “appeared” it was trial counsel’s strategy to argue that the State had not done a thorough job of investigating by failing to obtain the surveillance video. The court further found that, in any event, neither the State nor defense counsel would have been able to obtain the surveillance video because the record indicates that it does not exist.
Accepting Long’s claim as true, the record attachments provided by the postcon-viction court do not clearly establish that defense counsel’s failure to obtain the surveillance video was a reasonable trial strategy. Although defense counsel is entitled to broad deference regarding trial strategy and tactics, “a finding that some action or inaction by defense counsel was taetical is generally inappropriate without an eviden-tiary hearing.” Thomas v. State, 634 So.2d 1157, 1157 (Fla. 1st DCA 1994).
Additionally, the record attachments do not conclusively refute Long’s allegation regarding the existence of a surveillance video. The record demonstrates that there was conflicting testimony on this point and the postconviction court was not in the position to weigh the evidence absent an evidentiary hearing. See Williams v. State, 647 So.2d 996, 997 (Fla. 1st DCA 1994) (“If the record does not conclusively show that the defendant is entitled to no relief, the court should hold an evidentiary hearing and make appropriate findings of fact and conclusions of law.”).
Accordingly the order is affirmed in part and reversed in part. We remand for the postconviction court to conduct an eviden-tiary hearing limited to the issue of the surveillance video.
AFFIRMED in part; REVERSED in part; and REMANDED.
RAY, KELSEY, and WINOKUR, JJ., CONCUR.