NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KEITH LAMAR WESBY              )
                              )
        Appellant,            )
                              )
v.                            )        Case No.  2D15-4661
                              )
STATE OF FLORIDA,             )
                              )
        Appellee.             )
_____)

Opinion filed November 15, 2017.

Appeal from the Circuit Court for Pinellas
County; Michael F. Andrews, Judge.

Keith Wesby, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

         Keith Lamar Wesby appeals the denial of his motion for postconviction

relief.  See Fla. R. Crim. P. 3.850.  The motion alleged thirteen separate grounds for

relief, most of which were summarily denied without an evidentiary hearing, with the

exception of Grounds 7a and 7b—these were denied after an evidentiary hearing.  We

affirm the postconviction court's ruling, with the exception of its summary denial of

Ground 3. Because Mr. Wesby's allegation that his trial counsel was ineffective for failing to move for disclosure of a confidential informant (CI) is not conclusively refuted by the record, we reverse the postconviction court's summary denial of Ground 3 and remand for an evidentiary hearing.

Mr. Wesby allegedly participated in three controlled drug buys with an undercover detective of the St. Petersburg Police Department. The first buy was set up through a CI who contacted Michael Brown—Mr. Wesby's brother—to arrange the purchase. On October 9, 2008, the detective and the CI met with Mr. Brown at a convenience store, and an acquaintance of Mr. Brown's named "Dino" sold the detective some Fioricet pills. The detective was led to believe that these were actually hydrocodone pills, but they were not.

On October 23, 2008, "Dino" contacted the detective and told him he may have some hydrocodone for sale. "Dino" and the detective met in the front yard of a residence, where "Dino" sold the detective hydrocodone in liquid and pill form. Neither the CI nor Mr. Brown took part in this transaction.

On March 2, 2009, the detective contacted "Dino" and asked him if he had any more hydrocodone. "Dino" said that he did not, but that he had cocaine instead. The detective then purchased an eight-ball of cocaine from "Dino." Again, neither the CI nor Mr. Brown took part in this transaction.

During these three transactions, the detective was unable to determine "Dino's" real name. But after the detective researched the tag number of Michael Brown's car, he found records of a previous traffic stop during which Mr. Wesby was

present in the car. The detective then obtained a photograph of Mr. Wesby and identified him as "Dino."

Based on the detective's identification of Mr. Wesby as "Dino," Mr. Wesby was charged and adjudicated guilty of unlawful sale of a prescription drug, trafficking in hydrocodone, sale of cocaine, and possession of cocaine. Mr. Wesby's defense at trial was misidentification. Mr. Wesby was sentenced to a term of imprisonment for an overall length of twenty-five years, with a twenty-five-year minimum mandatory sentence for the trafficking charge. This court affirmed Mr. Wesby's convictions and sentences on direct appeal. Wesby v. State, 109 So. 3d 803 (Fla. 2d DCA 2013) (table decision).

Mr. Wesby then filed his pro se motion for postconviction relief. In Ground 3 of his operative motion, Mr. Wesby alleged that his trial counsel was ineffective for failing to move for disclosure of the CI. Mr. Wesby further alleged in his operative motion (1) that Mr. Wesby informed his counsel that he is not the person who sold drugs to the detective, (2) that disclosure of the CI was necessary to establish the defense of misidentification, (3) that the CI was present for the first controlled buy, (4) that the State's only identification testimony came from the detective, and (5) that had defense counsel moved for disclosure of the CI and then called him or her to testify, the CI would have corroborated Mr. Wesby's claim that he was misidentified as "Dino."

In its response, the State points to one sentence in Mr. Wesby's motion which provides that the detective's "identification testimony was the only evidence submitted to the jury to prove . . . the [h]ydrocodone trafficking charge." (Emphasis added.) Because the CI was only present for the October 9 transaction and not the

October 23 transaction—which is when the detective first received real hydrocodone from "Dino"—the State argues that disclosure of the CI would have been immaterial to the hydrocodone trafficking charge. Moreover, even if the CI had been disclosed and called to testify, the State maintains that the detective's trial testimony would not have changed and that Mr. Wesby would have been convicted anyway. In summarily denying Ground 3, the postconviction court adopted the State's position wholesale. We disagree and reverse. Mr. Wesby was, at minimum, entitled to an evidentiary hearing on Ground 3 of his motion for postconviction relief.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was unreasonable under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See generally Thompson v. State, 990 So. 2d 482, 489-90 (Fla. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). Where no evidentiary hearing is held on an issue in a postconviction motion, "we must accept the defendant's factual allegations to the extent they are not refuted by the record." Foster v. State, 810 So. 2d 910, 914 (Fla. 2002) (quoting Peede v. State, 748 So. 2d 253, 257 (Fla. 1999)). We may only affirm a postconviction court's summary denial if the record conclusively shows that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D).

"When asserting that disclosure of information is necessary to establish a specific defense, '[t]he defendant must make a preliminary showing of the colorability of the defense prior to disclosure.' " State v. Borrego, 970 So. 2d 465, 467 (Fla. 2d DCA 2007) (alteration in original) (quoting State v. Hernandez, 546 So. 2d 761, 762 (Fla. 2d

- 4 -

DCA 1989)). This court has previously noted that a movant asserting a misidentification defense involving a CI must provide "[s]worn allegations supporting a misidentification defense for which the CI's testimony would be helpful." Wilson v. State, 13 So. 3d 83, 84 (Fla. 2d DCA 2009).[1] Here, Mr. Wesby properly alleged that he did not sell the detective any drugs, that the CI arranged the first transaction and was present at the time of the first transaction, and that the CI would have testified that Mr. Wesby was not present at the transaction and was not the person who sold the drugs. See id. at 84-85.

We are not persuaded by the State's argument that the CI's testimony was immaterial because the CI was only present for the first buy. If the CI had been disclosed and testified that Mr. Wesby was not present at the October 9 transaction, the credibility of the detective would have been undermined as to the subsequent transactions. This court faced a similar fact pattern in McLoyd v. State, 768 So. 2d 1159, 1160 (Fla. 2d DCA 2000), where a law enforcement officer used a CI to set up a controlled buy with the defendant, Jimmy McLoyd. The officer obtained Mr. McLoyd's contact information and set up a second buy, this time without the assistance of the CI. Id. Mr. McLoyd was convicted and adjudicated guilty on two counts of sale of cocaine and two counts of possession with intent to sell. Id. He then filed a motion for postconviction relief arguing that his counsel was ineffective for failing to call the CI as a witness.[2] Mr. McLoyd asserted that had the CI been called to testify, she would have revealed that "she never met McLoyd and that he never sold her illegal drugs." Id.

_____

[1]All proper rule 3.850 motions are sworn. See Fla. R. Crim. P. 3.850(c).

[2]From the limited facts in the opinion, it seems as though the CI's identity in McLoyd was already known to defense counsel prior to trial, even though counsel still did not call the CI to testify. Although the CI was not disclosed in the case before us, we

- 5 -

The postconviction court summarily rejected Mr. McLoyd's argument because (1) hearsay testimony from the officer established that the CI was unavailable to testify because she was in rehab and (2) the omission of the CI's testimony could not have prejudiced the trial because it was cumulative of the officer's testimony. Id. at 1161. On appeal, this court reversed. Concerning the postconviction court's second point about cumulative testimony, this court explained that if the CI had testified that she did not participate in the first transaction with the officer, then there would be a reasonable probability that the jury would not have convicted Mr. McLoyd solely on the testimony of the officer, even though the CI was not present for the second transaction. Id. Accordingly, this court remanded the case to the postconviction court for an evidentiary hearing.

Our reasoning in McLoyd rebuts the State's argument that the CI needed to have been present at the second or third transactions for his or her testimony to be material. Even if the CI could only testify whether Mr. Wesby was present at the first transaction, such testimony might have discredited the detective's ability to identify Mr. Wesby in general. Moreover, we note that in Ground 7b of his motion, Mr. Wesby alleged that his counsel was ineffective for failing to call Michael Brown as a witness and that Mr. Brown, had he been called, would have testified that Mr. Wesby was not "Dino." The postconviction court granted Mr. Wesby an evidentiary hearing on Ground 7b, even though Mr. Brown was only present for the first transaction. If Mr. Brown's absence from the second and third transactions did not preclude an evidentiary hearing

do not believe this difference is significant to the ultimate question of whether Mr. Wesby's allegation is conclusively refuted by the record.

- 6 -

on Ground 7b, then surely the CI's absence from those transactions does not preclude an evidentiary hearing on Ground 3.

Thus, the State has failed to conclusively refute Mr. Wesby's allegation that his trial counsel was ineffective for failing to move for disclosure of the CI. Therefore, we reverse the postconviction court's summary denial of Ground 3 and remand for an evidentiary hearing.  See Wilson, 13 So. 3d at 84.  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded with instructions.

KHOUZAM and SLEET, JJ., Concur.