NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSELITO TUALLA, )
)
        Appellant, )
)
v. )        Case No. 2D17-4429
)
STATE OF FLORIDA, )
)
        Appellee. )
_____)

Opinion filed August 3, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Joselito Tualla, pro se.


BADALAMENTI, Judge.

        Joselito Tualla, proceeding pro se, filed a motion for postconviction relief

pursuant to Florida Rule of Civil Procedure 3.850, alleging four claims of ineffective

assistance of trial counsel.  The trial court summarily denied all four claims.  After

careful review of the limited portions of the record attached to the postconviction court's

order, we reverse because the limited record before us does not conclusively refute the

claim raised in ground one of Tualla's motion. We affirm the trial court's order in all other respects.

Where no evidentiary hearing is held on a ground raised in a postconviction motion, we must accept the defendant's factual allegations to the extent they are not refuted by the record. Wesby v. State, 230 So. 3d 939, 941 (Fla. 2d DCA 2017) (citing Foster v. State, 810 So. 2d 910, 914 (Fla. 2002)). "We may only affirm a postconviction court's summary denial if the record conclusively shows that the appellant is entitled to no relief." Id. (citing Fla. R. App. P. 9.141(b)(2)(D)).

In order to demonstrate that trial counsel was ineffective for failing to investigate and call a witness at trial, a defendant must identify the witness and the substance of his or her testimony, state that the witness would have been available to testify, and explain how the omission of the witness's testimony prejudiced the outcome. Garrett v. State, 62 So. 3d 1274, 1276 (Fla. 2d DCA 2011) (citing Nelson v. State, 875 So. 2d 579, 582-83 (Fla. 2004)).

Tualla alleged in ground one of his motion that his parents and his former girlfriend were available to testify and would have provided testimony to rebut the State's Williams[1] rule witness and that their testimony would have changed the outcome of his trial. In support of its summary denial of ground one, the postconviction court attached an excerpt of a transcript of a pretrial conference. At that conference, the trial court remarked that defense counsel had not filed a witness list for Tualla's forthcoming trial. The trial court asked Tualla if he had advised counsel of any person he wanted to list as a witness, prompting Tualla to confer with his counsel. Tualla's trial counsel

---

[1]Williams v. State, 110 So. 2d 654 (Fla. 1959).

informed the court that after observing the testimony of a witness at an earlier <u>Williams</u> rule hearing, Tualla believed there was a person who could provide testimony to impeach that <u>Williams</u> rule witness. Defense counsel explained to the trial court that because that individual was listed on the State's witness list, defense counsel would have an opportunity to cross-examine him or her at trial. The identity of that potential witness was not mentioned during this pretrial conference. Tualla advised the trial court that he had no other witnesses he wanted to call.

The postconviction court's order fails to conclusively refute the allegations set forth in ground one of Tualla's motion. The record attachments to the order do not reveal whether the potential witness to whom trial counsel referred during the pretrial conference was one of Tualla's parents or his former girlfriend. Moreover, the limited record before us is unclear as to whether that person was in fact called at trial by the State, and, if so, cross-examined by Tualla's counsel. With these looming questions left unanswered by the limited record before us, we reverse the summary denial of ground one of Tualla's motion. We remand to the postconviction court to either attach portions of the record that conclusively refute Tualla's claim set forth in ground one or hold an evidentiary hearing. <u>See</u> <u>Garrett</u>, 62 So. 3d at 1277. We express no opinion as to the ultimate validity of this ground. We affirm the postconviction court's denial of grounds two, three, and four of Tualla's motion without comment.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.