NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERIC TODD ROMAINE, DOC #H11739,  )
                                 )
            Appellant,           )
                                 )
v.                               )            Case No. 2D17-4605
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
_____)

Opinion filed October 30, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Wayne Durden, Judge.

Rachael E. Reese of O'Brien Hatfield, P.A.,
Tampa, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea N. Simms,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

            Eric T. Romaine appeals from the postconviction court's final order

denying his motion for postconviction relief filed under Florida Rule of Criminal

Procedure 3.850.  We write to address the postconviction court's summary denial of

Romaine's sixth claim of ineffective assistance of counsel.  Because the record

attachments to the postconviction court's order do not conclusively refute Romaine's legally sufficient claim that his counsel was ineffective for failing to retain a video enhancement expert, we reverse the summary denial of that claim.

A jury found Romaine guilty of one count of attempted armed robbery, two counts of aggravated assault, and one count of armed burglary of a structure with assault or battery. The charges stemmed from an incident at CVS Pharmacy. Based on the limited record before us, the evidence introduced at Romaine's jury trial reflected that a man with a gun entered the pharmacy, pointed the gun at several of the employees, and demanded that the employees give him several prescription medications. When the employees did not comply with the perpetrator's demand, the perpetrator ran out of the store. Three eyewitnesses to the robbery testified that they identified Romaine as the perpetrator from a six-person photo pack presented to them after the incident. A surveillance video captured the incident and was published to the jury, along with still photographs created from that video. But Romaine could not be positively identified from that surveillance video. And a fingerprint examiner testified that Romaine's fingerprints did not match the fingerprints lifted from vitamin bottles that the perpetrator was alleged to have held during the commission of the offenses. This court affirmed Romaine's judgment and sentences on direct appeal. See Romaine v. State, 175 So. 3d 297 (Fla. 2d DCA 2015) (table decision). Romaine subsequently filed a rule 3.850 motion in which he raised nine claims of ineffective assistance of counsel.

Pertinent to this appeal, Romaine alleged in claim six of his postconviction motion that his trial counsel was ineffective for failing to retain a video enhancement expert to improve the clarity of the perpetrator's face in the surveillance video shown to

- 2 -

the jury. Specifically, he asserted that although the video revealed someone generally fitting his description, the clarity of the face of the perpetrator, unlike the clarity of the faces of others captured in the video, was poor. He contended that had defense counsel properly sought an expert to enhance the clarity of the surveillance video, the jury would have been able to discern that he was not the perpetrator from an enhanced video and would have acquitted him.

In its order summarily denying that claim, the postconviction court found, without elaboration, that defense counsel was not deficient, and it further found that Romaine did not prove that he was prejudiced by defense counsel's failure to retain an expert to enhance the clarity of the surveillance video because three eyewitnesses positively identified Romaine as the perpetrator. The record excerpts attached to the order summarily denying that claim consist of the testimony of three eyewitnesses who had identified Romaine in a six-person photo pack presented to them after the robbery. Two of the three eyewitnesses to the robbery were also able to identify Romaine in court. Romaine timely appeals the postconviction court's final order denying his motion.

We review the postconviction court's summary denial of a claim of ineffective assistance de novo. Martin v. State, 205 So. 3d 811, 812 (Fla. 2d DCA 2016). "In conducting that review, we accept the factual allegations of the defendant's motion as true unless they are conclusively refuted by the record, the relevant portions of which must be attached to the postconviction court's order." Bolduc v. State, 44 Fla. L. Weekly D2241a, D2241a (Fla. 2d DCA Sept. 4, 2019) (citing Fla. R. Crim. P. 3.850(f)(5)). We will affirm the postconviction court's summary denial of a claim of

- 3 -

ineffective assistance of counsel if the claim is facially insufficient or conclusively refuted by the record. Id. (citing Watson v. State, 34 So. 3d 806, 808 (Fla. 2d DCA 2010)).

A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668 (1984). "To state a legally sufficient claim of ineffective assistance of counsel, [the defendant] is required to show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense." Martin, 205 So. 3d at 812 (citing Strickland, 466 U.S. at 694). "An attorney's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms." Bolduc, 44 Fla. L. Weekly at D2241a (quoting Bell v. State, 965 So. 2d 48, 56 (Fla. 2007)). And a defendant demonstrates prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694).

On appeal, Romaine argues that the eyewitnesses' trial testimony identifying him in court and in a six-person photo pack do not conclusively refute his claim of ineffective assistance for his counsel's failure to retain an expert to enhance the clarity of the surveillance video. He contends that the jury would have acquitted him had his defense counsel done so, especially because an enhanced video demonstrating that he was not the perpetrator would have corroborated the evidence that Romaine's fingerprints did not match fingerprints lifted from the vitamin bottles held by the perpetrator. We agree with Romaine that the record excerpts attached to the postconviction order consisting of the trial testimony of three eyewitnesses did not conclusively refute his claim.

- 4 -

First, the postconviction order states that defense counsel's failure to engage an expert to enhance the surveillance and ultimately testify was not deficient. But the order does not explain why. Although there may have been a strategic reason for defense counsel's failure to do so, the limited record before us does not provide us with the information necessary to make that determination. To properly determine whether an attorney's performance falls below an objective standard of reasonableness under prevailing professional norms, "the 'principal concern' is whether the investigation supporting counsel's decision not to introduce certain evidence 'was itself reasonable.' " Martin, 205 So. 3d at 813 (quoting Wiggins v. Smith, 539 U.S. 510, 522 (2003)). Accordingly, a determination of whether a decision was not deficient, and therefore reasonable, should not be made without an evidentiary hearing. See id. ("It is . . . necessary for the postconviction court to know the extent of counsel's investigation into the video's existence before it can determine whether or not her conduct was reasonable and therefore not deficient."); cf. Grandison v. State, 276 So. 3d 43, 45 (Fla. 1st DCA 2019) (affirming the postconviction court's order denying defendant's claim of ineffective assistance of counsel for failure to call an expert to address the eyewitness identification evidence after an evidentiary hearing as a reasonable strategic decision based on the counsel's testimony during the hearing).

Next, the postconviction court found that Romaine could not prove that he was prejudiced by counsel's decision not to retain an expert to enhance the surveillance video and present the enhancement evidence at trial because three eyewitnesses identified Romaine as the perpetrator. However, to the extent that Romaine's allegations are not conclusively refuted by the record, we must accept the factual

allegations of his motion as true.  See Bolduc, 44 Fla L. Weekly at D2241a.  As such, we must accept as true his allegation that "[w]ith a clearer picture of the [perpetrator], the jury would have determined that it was not Mr. Romaine in the video."  See Long v. State, 214 So. 3d 800, 801 (Fla. 1st DCA 2017) ("Accepting Long's claim [that the surveillance video at the apartment complex would have shown that Long was not the shooter] as true, the record attachments provided by the postconviction court do not clearly establish that defense counsel's failure to obtain the surveillance video was a reasonable trial strategy.").  If an expert had been able to enhance the surveillance and had defense counsel presented that enhanced video to the jury through the expert's testimony, there is a reasonable probability that the jury would have placed more weight on the video evidence than the eyewitness identifications and that the result of the proceeding would have been different.  See Ibar v. State, 190 So. 3d 1012, 1022-23 (Fla. 2016) (holding that trial counsel's deficiency in failing to procure a facial identification expert to challenge identification of defendant in videotape as one of the perpetrators of murders prejudiced the defendant and undermined the Court's confidence in his trial).

Because the record attachments to the postconviction court's order do not conclusively refute Romaine's allegation, we reverse the postconviction court's denial of claim six and "remand for the postconviction court to reconsider this claim and to conduct an evidentiary hearing if necessary."  See Martin, 205 So. 3d at 813.  We express no opinion as to the outcome of this claim.  We affirm the postconviction court's order denying Romaine's remaining claims of ineffective assistance in all other respects.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and LUCAS, JJ., Concur.