NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALVIN MILLER,                                    )
                                                 )
          Appellant,                             )
                                                 )
v.                                               )          Case No. 2D19-17
                                                 )
STATE OF FLORIDA,                                )
                                                 )
          Appellee.                              )
_____)

Opinion filed November 27, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; William D. Sites, Judge.

Alvin Miller, pro se.

PER CURIAM.

          Alvin Miller appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief, in which he raised two claims of

ineffective assistance of counsel regarding his conviction of attempted sexual battery.

We affirm the denial of his second claim without comment.  As to his first claim, Mr.

Miller argues that "low count number" testing had been utilized in his case and was

inadmissible under sections 90.702[1] and 90.703, Florida Statutes (2015), that possible

contamination of the DNA samples had occurred, and that the population frequency

statistics were unreliable.  The limited record attached to the postconviction court's

order does not conclusively refute that claim.  See Foster v. State, 810 So. 2d 910, 914

(Fla. 2002); Wesby v. State, 230 So. 3d 939, 941 (Fla. 2d DCA 2017).  We therefore

reverse the summary denial of Mr. Miller's first claim and remand for the court to either

attach portions of the record that conclusively refute the claim or convene an evidentiary

hearing.

Affirmed in part, reversed in part, and remanded with instructions.


CASANUEVA, LUCAS, and SALARIO, JJ., Concur.

---

[1]Section 90.702, which states that an expert may testify in the form of an opinion if: "(1) The testimony is based upon sufficient facts or data; (2) [t]he testimony is the product of reliable principles and methods; and (3) [t]he witness has applied the principles and methods reliably to the facts of the case," codified the test set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and was applicable at the time of Mr. Miller's trial.