DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TYRONE T. JACKSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2441

_____

August 16, 2024

Appeal from the Circuit Court for Hillsborough County; Michelle Sisco, Judge.

Tyrone T. Jackson, pro se.

Ashley Moody, Attorney General, Tallahassee, and Cynthia E. Richards, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Tyrone T. Jackson appeals from the order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.850. Because the order and its attachments do not conclusively refute his motion's allegations, we reverse and remand for further proceedings.

Mr. Jackson was serving probation following his guilty plea to a charge of sexual battery on a child over twelve by a person in familial or custodial authority. A little more than three years into his probation, Mr.

Jackson's probation officer filed an affidavit alleging that he violated the terms of his probation by accessing the internet without first completing a risk assessment and obtaining permission and by refusing to answer the probation officer's questions.

During a hearing on the alleged violations of probation, the assistant state attorney represented that the State would be seeking a prison sentence; the State offered the lowest permissible Criminal Punishment Code sentence of 117 months in prison if Mr. Jackson admitted that day to violating his probation. The trial court noted that Mr. Jackson qualified as a violent felony offender of special concern pursuant to section 948.06(8)(b)1,[1] Florida Statutes (2020), and that it could impose a lesser sentence only after holding a "danger hearing" pursuant to section 948.06(8)(d).[2] Mr. Jackson's defense counsel informed the trial court that she intended to ask it to modify Mr. Jackson's probation or impose a jail sentence. The trial court again explained that it could not impose a sentence of less than 117 months in prison unless it held a hearing pursuant to section 948.06(8)(d), and it

---

[1] A violent felony offender of special concern is a person who has committed one of several offenses listed in section 948.06(8)(c) and who is placed on felony probation or community control. § 948.06(8)(b).

[2] *See* § 948.06(8)(d) ("The court shall not dismiss the probation or community control violation warrant pending against an offender enumerated in this paragraph without holding a recorded violation-of-probation hearing at which both the state and the offender are represented."); § 948.06(8)(e)(1) ("If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court shall: Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community. . .").

informed Mr. Jackson and his counsel that "even if you won the danger hearing," the court probably would not sentence Mr. Jackson to probation.

The trial court then asked if Mr. Jackson would accept the State's offer, and his counsel replied in the negative. The trial court warned Mr. Jackson that if the State learned of additional circumstances before the danger hearing, that could change the State's willingness to request the lowest permissible prison sentence. The assistant state attorney made it clear that the State would likely seek a longer sentence if Mr. Jackson declined the offer. The trial court took a break so that Mr. Jackson could discuss privately with his counsel the offer and the potential consequences of rejecting the offer, and Mr. Jackson again rejected the State's offer. However, he did admit to violating his probation.

When the danger hearing was later convened, the assistant state attorney informed the court that she had "delved further into this and learned some additional things so we are looking for substantially more than what he scores at this time." She asked the trial court to impose a sentence of at least thirty years in prison and told the trial court that the victim and her guardian wanted the court to sentence Mr. Jackson to life in prison. She also informed the trial court, over objection, that Mr. Jackson had allegedly fathered a child with a fifteen-year-old in Broward County but that the State dismissed the resulting charge of lewd or lascivious battery because the State failed to bring Mr. Jackson to trial before the statutory speedy trial time lapsed. At the conclusion of the hearing, the trial court ruled that the State met its burden to prove that Mr. Jackson is a danger to the community under section 948.06(8)(e), and it sentenced him to fifteen years in prison followed by fifteen years of sex offender probation.

3

In his rule 3.850 motion, Mr. Jackson asserted that his counsel was ineffective for not learning of the Broward County allegation and for not advising him that the court might consider it relevant at a section 948.06(8)(d) hearing: "If the Broward County case became known, including the circumstances of a technical dismissal on speedy trial grounds and the DNA evidence of the crime, Defendant's chances of not being found a danger to the community were greatly diminished." Mr. Jackson alleged that had counsel advised him that the trial court might consider the charge when determining whether he was a danger to the community, he would have accepted the State's offer at the prior hearing, the State would not have withdrawn the offer, the trial court would have accepted it, and his sentence of 117 months would have been substantially shorter than the sentence imposed.

The postconviction court ruled that Mr. Jackson could not establish deficient performance for counsel's failure to advise him that the allegations underlying the Broward County charge might be a consideration at a danger hearing because, at the subsequent sentencing hearing, the trial court made it clear that the charge "did not play a role in either the danger hearing or sentencing." Regarding counsel's failure to learn of the Broward County charge, it reasoned that Mr. Jackson was presumably aware of it. And he had been repeatedly warned that if he rejected the State's offer, the State might uncover additional facts that could support a finding that he is a danger to the community which would justify a sentence longer than 117 months in prison. Accordingly, the postconviction court ruled that the record conclusively refuted Mr. Jackson's claim that he would have accepted the State's offer if counsel had warned him that the trial court might consider the Broward County

4

allegations at the danger hearing. Mr. Jackson has timely appealed the postconviction court's denial of his motion.

"When reviewing the summary denial of a motion for postconviction relief, this court applies de novo review and 'must accept the movant's factual allegations as true to the extent that they are not refuted by the record.' " *Martin v. State*, 205 So. 3d 811, 812 (Fla. 2d DCA 2016) (quoting *Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013)). "We may only affirm a postconviction court's summary denial if the record conclusively shows that the appellant is entitled to no relief." *Tualla v. State*, 251 So. 3d 337, 338 (Fla. 2d DCA 2018) (quoting *Wesby v. State*, 230 So. 3d 939, 941 (Fla. 2d DCA 2017)). A facially sufficient claim for ineffective assistance of counsel requires a defendant to allege that his or her trial counsel provided deficient performance and that the defendant was prejudiced thereby. *Martin*, 205 So. 3d at 812 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In the context of a rejected plea offer, "[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice*." *Alcorn v. State*, 121 So. 3d 419, 432 (Fla. 2013).

In his rule 3.850 motion, Mr. Jackson claimed that his defense counsel failed to investigate and learn of a prior criminal charge he faced in Broward County, a charge that bore some stark similarities to the crime for which he had been sentenced to probation. He further alleged that if his attorney had told him of the potential impact of the Broward County allegations at his subsequent danger hearing, he would have accepted the State's offer. Since Mr. Jackson was on probation for sexually battering a twelve-year-old child, DNA evidence that proved he fathered a child with a fifteen-year-old girl could very well have been an

"other fact[]" that a court might consider relevant when deciding if he posed a danger to the community. *See* § 948.06(8)(e)1.e. Accepting the allegations in the motion as true, counsel's failure to learn of the Broward County charge coupled with the failure to advise Mr. Jackson of the possibility that the facts underlying that charge could be considered at the subsequent hearing could have been omissions falling outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. From our de novo review, we can find nothing in the postconviction court's order or the portions of the record attached to the order that conclusively refutes Mr. Jackson's allegations.[3]

Accordingly, we must reverse the order summarily denying Mr. Jackson's motion and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MORRIS, LUCAS, and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[3] The postconviction court's stated rationale—that Mr. Jackson was presumably aware of the prior charge and that, ultimately, it did not impact the court's sentence—would amount to an after-the-fact, outcome-determinative justification for its summary denial, which the Florida Supreme Court has instructed is not permissible. *See Alcorn*, 121 So. 3d at 432; *see also Wilson v. State*, 189 So. 3d 912, 913 (Fla. 2d DCA 2016) ("[E]vents occurring after [a defendant] rejected the plea offer could not cure counsel's alleged failure to provide him with all of the information necessary to make an informed decision concerning the offer.").